```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SARAY DOKUM VE MADENI AKSAM          :
SANAYI TURIZM A.S.,
                                     :
                                            ORDER
           Plaintiff,                :
                                            17 Civ. 7495 (PGG) (GWG)
    -v.-                             :

MTS LOGISTICS INC.,                  :

           Defendant.                :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Discovery in this matter closed on November 14, 2018 (Docket # 46). Now before the Court is plaintiff Saray Dokum ve Madeni Aksam Sanayi Turizm A.S.'s ("Saray") May 26, 2020, application to reopen discovery.[1] Specifically, Saray seeks to reopen discovery for 90 days so it can 1) move to compel responses to requests for production that were previously served on defendant MTS Logistics Inc. ("MTS") in November 2018, 2) issue subpoenas to non-parties Mediterranean Shipping Company and Oxyde Chemicals, 3) notice the deposition of defense counsel, Gareth W. Stewart. Pl. Letter at 2-3.

Background

The original complaint in this action brought claims of breach of contract, negligence, and conversion, and also sought injunctive relief. See Original Complaint for Injunctive Relief, Declaratory Relief, and Damages, filed July 11, 2017 (Docket # 1). On March 27, 2019, counsel for Saray requested a pre-motion conference before Judge Gardephe on a proposed motion for summary judgment against MTS under the Carriage of Goods by Sea Act ("COGSA"). See Letter addressed to Judge Paul G. Gardephe from Lawrence C. Glynn, filed Mar. 27, 2019 (Docket # 66). A conference was held before Judge Gardephe on December 12, 2019, during which Judge Gardephe stated that he would not "entertain a motion for summary judgment under COGSA unless COGSA is pleaded in the complaint." See Transcript of December 12, 2019 Telephone Conference Before Judge Gardephe, filed Feb. 10, 2020 (Docket # 79) ("Transcript")

---

[1] See Letter Motion for Discovery addressed to Magistrate Judge Gabriel W. Gorenstein from Lawrence C. Glynn, dated May 26, 2020 (Docket # 88) ("Pl. Letter"); Letter in Opposition to Motion for Discovery addressed to Magistrate Judge Gabriel W. Gorenstein from Gareth W. Stewart, dated June 2, 2020 (Docket # 89) ("Def. Letter"); Reply to Letter in Opposition to Motion for Discovery addressed to Magistrate Judge Gabriel W. Gorenstein from Lawrence C. Glynn, dated June 5, 2020 (Docket # 90) ("Pl. Reply").

at 10.  On January 6, 2020, the parties stipulated to the filing of an amended complaint that brought a claim under COGSA, see Stipulation, filed Jan. 6, 2020 (Docket # 71), and Saray filed an amended complaint with such a claim on January 9, 2020, see Amended Complaint, filed Jan. 9, 2020 (Docket # 73) ("FAC").

Discussion

Once it is entered, a scheduling order's discovery deadlines may be modified only for "good cause."  Fed. R. Civ. P. 16(b)(4).  The "good cause" inquiry turns on the diligence of the party seeking to modify the scheduling order.  Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party.") (citations omitted).  "To satisfy the good cause standard 'the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met.'"  Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (quoting Sokol Holdings, Inc. v. BMB Munai, Inc., 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009)).

Thus, a "party seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite its diligence."  King v. Friend of Farmer, Inc., 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000) (citation and internal quotation marks omitted); accord Baburam v. Fed. Express Corp., 318 F.R.D. 5, 8 (E.D.N.Y. 2016) (A party moving to reopen discovery must show "that it was impossible to complete the discovery by the established deadline.") (citation and internal quotation marks omitted).  A court "may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery."  Trebor Sportswear Co. v. The Ltd. Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989).

Some district courts have applied six factors in analyzing motions to re-open discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."  Jacobs v. N.Y.C. Dep't of Educ., 2015 WL 7568642, at *3-4 (E.D.N.Y. Nov. 24, 2015); accord City of Almaty, Kazakhstan v. Ablyazov, 2019 WL 3281326, at *8 (S.D.N.Y. July 3, 2019).  In some situations, courts do not apply these factors and we do not believe their application to be mandatory.  Nonetheless, we will consider them to the extent we deem them pertinent.  We note that while trial is not imminent, all the requests are opposed and MTS would be prejudiced if discovery was reopened, as it would increase "litigation costs, and further delay resolution of this litigation."  Bakalar v. Vavra, 851 F. Supp. 2d 489, 494 (S.D.N.Y. 2011); accord Moroughan v. Cty. of Suffolk, 320 F. Supp. 3d 511, 516 (E.D.N.Y. 2018) ("There is no doubt that re-opening discovery will cause [the party opposing reopening discovery] to incur costs and expenses associated with reviewing documents which" the party moving to reopen discovery is requesting.).  We assume arguendo that the discovery requests seek relevant evidence.

As to the deposition of Stewart, Saray has not shown it acted "diligently" to schedule it while the discovery period was open.  As noted, discovery closed on November 14, 2018

(Docket # 46). Saray has not pointed to any impediment to seeking the deposition before that date. Moreover, on December 13, 2018, the parties filed a joint letter outlining outstanding discovery disputes. See Joint Letter Addressing Discovery Related Issues, filed Dec. 13, 2018 (Docket # 60) ("December 2018 Letter"). The December 2018 letter noted that "with respect to Mr. Stewart's role as both a witness and advocate, Plaintiff reserves its right depose [sic] Mr. Stewart." Id. at 2. The Court subsequently directed the production of certain documents discussed in the December 2018 letter but noted the "letter d[id] not appear to seek relief as to the deposition of Mr. Stewart" and consequently "the Court d[id] not address th[at] issue." Memo Endorsement, filed Dec. 13, 2018 (Docket # 61). Saray made no further applications to the Court with regard to the deposition of Stewart. Less than a month later, the Court noted that "[t]he discovery deadline in this manner was last set at November 14, 2018," and that "discovery h[ad] closed." Order, filed Jan. 2, 2019 (Docket # 62) ("January 2019 Order"). Now — over 18 months after the expiration of the deadline — Saray seeks to reopen discovery to depose Stewart. Saray certainly "had a fully adequate opportunity," Trebor Sportswear Co., 865 F.2d at 511, to pursue a deposition of Stewart during the discovery period. Moreover, the Court specifically pointed out to Saray that it had not sought relief "as to the deposition of Mr. Stewart." January 2019 Order. Yet, Saray took no steps to pursue this deposition until more than 16 months later. Accordingly, the request is denied. See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (denying additional discovery where party "had ample time in which to pursue the discovery that it now claims is essential.").

The request to reopen discovery for the production of responses to the November 2018 requests is denied because, "to the extent that [Saray] unsuccessfully requested production of these documents from [MTS], the appropriate response would have been a motion to compel." Agapito v. AHDS Bagel, LLC, 2018 WL 3216119, at *2 (S.D.N.Y. May 17, 2018) (denying motion to reopen discovery for failure to establish good cause where the moving party did not "offer any explanation of why they failed to timely file a motion to compel."); accord McKay v. Triborough Bridge & Tunnel Auth., 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007) ("To the extent that Defendants made any previous requests for documents covered by the subpoena . . . during the discovery period with which Plaintiff did not comply, the appropriate response would have been to make a motion to compel at that time."). Any motion to compel was required to be filed before the discovery period closed — not more than 18 months later. See Owen v. No Parking Today, Inc., 280 F.R.D. 106, 112 (S.D.N.Y. 2011) ("A party ordinarily must file a motion to compel before the close of discovery and if it fails to do so, the motion will be deemed untimely.").

Lastly, Saray seeks to serve completely new discovery requests — specifically, subpoenas on non-parties Mediterranean Shipping Company and Oxyde Chemicals. Pl. Letter at 2. Saray asserts that the filing of an amended complaint on January 9, 2020, see FAC, is a "shift in focus in the case" that "is the main driver behind t[he] request to reopen discovery," Pl. Letter at 4. Saray asserts the discovery "sought will likely lead to discovery of relevant evidence of the cargo's good order and condition at the time it was received by MTS, an [sic] necessary element to Saray's prima facie case under COGSA." Pl. Letter at 4.

Here, the lack of diligence of Saray and the foreseeability of the need for the documents sought both weigh heavily against reopening discovery. Saray has made clear that COGSA has always been a part of this suit. See Pl. Reply at 2 ("Plaintiff contends that regardless of whether 'COGSA' was ever specifically mentioned in the complaint, in the absence of any contract of carriage to the contrary, COGSA automatically governed this matter ab initio . . . . Saray specifically referred to COGSA's application to this case as early as early [sic] as November 15, 2018"); Transcript at 4 ("The shipment emanated in Houston, destined for Istanbul, so COGSA applies of its own force. That it was not specifically stated in the complaint I believe is of no moment."). Thus, the filing of the FAC should have had no impact on the discovery sought by Saray. Saray's failure to explain why this discovery could not have been sought prior to the end of the discovery period ultimately dooms its request to obtain the discovery now. See, e.g., Trebor Sportswear Co., 865 F.2d at 511 ("[T]he trial court may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery.").

Saray asserts "the lack of clarity as to the direction of this case is due to some unfortunate miscues that occurred prior to current counsel for Saray having taken over the case." Pl. Letter at 4. However, this does not alter our analysis given that "[n]ormally, the conduct of an attorney is imputed to his client, for allowing a party to evade 'the consequences of the acts or omissions of [ ]his freely selected agent' 'would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent.'" S.E.C. v. McNulty, 137 F.3d 732, 739 (2d Cir. 1998) (quoting Link v. Wabash R. Co., 370 U.S. 626, 633–34 (1962)); accord Davidowitz v. Patridge, 2010 WL 1779279, at *4 (S.D.N.Y. Apr. 23, 2010) ("[L]itigants are generally 'bound by the professional conduct of the attorneys they choose to represent them, although the conduct of counsel may give rise to a claim for malpractice by the client.'") (quoting Mast Industries, Inc. v. Mann, 1991 WL 12359, at *1 (S.D.N.Y. Jan. 25, 1991)).

In sum, Saray's application to reopen discovery (Docket # 88) is denied. Any renewed request to Judge Gardephe to file a motion for summary judgment shall be filed on or before June 19, 2020.

SO ORDERED.

Dated: June 11, 2020
      New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge