# CARUSO GLYNN, LLC
### COUNSELORS AT LAW

LAWRENCE C. GLYNN †

OF COUNSEL

NATHANIEL L. EICLHER†
JESSICA L. HOFFMAN

† Admitted in NY & NJ

242-03 Northern Blvd.
Suite 201
Little Neck, New York 11362
Telephone: (718) 819-8667
Facsimile: (718) 767-2474

e-mail to lglynn@carusoglynn.com
www.carusoglynn.com

145-04 14th Avenue
Whitestone, N.Y. 11357

May 8, 2021



Honorable John P. Cronan
United States District Judge
United States District Court
500 Pearl Street
New York, NY 10007

    Re: **Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. MTS Logistics, Inc.**
        Case No.:      17 Civ. 7495 (JPC)
        CG File No.:   42.103118.01

Dear Judge Cronan:

    This office represents plaintiff, Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. ("Saray") in the above referenced matter. We submit this letter in response to the recent filing of a Complaint by MTS Logistics Inc. ("MTS") against Saray, Case No.: 21 Civ. 4016(JPC), a copy of which is annexed hereto as Attachment 1. This letter is also submitted in advance of the conference scheduled for May 11, 2021 to discuss this filing.

    As an initial matter, we note that counsel for MTS failed to indicate on the Civil Cover Sheet that there is a related action. See Attachment 2. This is blatant judge shopping on the part of MTS and a ham-handed attempted end-around of the fact that discovery in this matter has closed and that MTS lost at summary judgment on every argument it raised. Instead of making a proper motion to reargue, as Your Honor noted at the May 4, 2021 conference, MTS is now just inventing new ways

Hon. John P. Cronan
May 8, 2021
page 2

to re-litigate its same failed arguments, including creating new claims out of whole cloth. The Court will note that MTS already counterclaimed for $308,810 and now seeks an additional $700,000.00 in its latest filing. Clearly, MTS is also seeking to side-step the fact that the time to amend pleadings passed a long, long time ago. Further, this pleading is in direct violation of Fed. R. Civ. P. 13(a) which required that this counterclaim, arising out of the same transaction that is the subject matter of Saray's claim, must have been pled as a compulsory counterclaim.

Obviously, Saray believes this new complaint to be completely lacking in merit, frivolous and/or in contempt of Your Honor's orders and/or the orders of Judge Gardephe, especially the time for which parties could amend pleadings. Parenthetically, Your Honor will note that the first cause of action doesn't remotely state a claim upon which relief can be granted, while the second cause of action seeks attorney's fees, despite the lack of any statute cited by MTS which would entitle it to attorney's fees, and despite any contractual obligation set forth in the Complaint whereby MTS would be entitled to attorney's fees.

Saray believes this to be yet another in a long line of frivolous, harassing, vexatious filings which seeks only to further delay this matter and dramatically increase litigation expenses for Saray, while distracting from Mr. Stewart's own financial gains he received as a result of the conversion and sale of Saray's cargo, a sale that he personally orchestrated and oversaw.

This filing also acts as a shot across the bow, if not a death blow, to any legitimate, good faith settlement negotiations. As the undersigned informed Your Honor at the May 4, 2021 conference, a settlement conference is scheduled before Magistrate Judge Gorenstein on May 17, 2021.

The undersigned once again finds himself in the position of writing or saying to Your Honor, "I have no idea what is going on here." In 24 years of practice, the undersigned has never seen these tactics in any court, much less a federal court. Accordingly, in an attempt to restore some semblance of sanity in this case, we respectfully request that the Court either dismiss the new action sua sponte, or, at a minimum, permit an expedited briefing schedule on a motion to dismiss for failure to state a claim.

Finally, Saray respectfully urges Your Honor to consider whether a motion for sanctions pursuant to Fed. R. Civ. P. 11(b) is appropriate under the circumstances and for such other and further relief as this Court may deem just and proper.

Hon. John P. Cronan<br>
May 8, 2021<br>
page 3

The Court's guidance and assistance in this regard is greatly appreciated.

Respectfully yours,

**CARUSO GLYNN, LLC**

*Lawrence C. Glynn*

Lawrence C. Glynn

LCG/
Enc.

cc: Alan Sacks, Esq.

Gareth Stewart, Esq.
Attorney for Defendant
*MTS Logistics Inc.*
29 Broadway
21ˢᵗ Floor
New York, N.Y. 10006
**VIA ECF**

Hon. Gabriel W. Gorenstein
**Via ECF**